# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JEREMY LAMAR HARRIS,** | } | |
| | } | |
| Petitioner, | } | |
| | } | |
| v. | } | Case No.: 4:04-CR-322-RDP-TMP |
| | } | |
| **UNITED STATES OF AMERICA ,** | } | |
| | } | |
| Respondent. | } | |

## MEMORANDUM OF DECISION REGARDING
## MOTION TO REDUCE TERM OF IMPRISONMENT

This case is before the court on *pro se* Petitioner Jeremy Lamar Harris' Motion for Reduction of Sentence Based on Application of Retroactive Applicable Amendment filed June 9, 2008. (Doc. #68). 18 U.S.C. § 3582(c)(2), U.S.S.G. 1B1.10. Petitioner Harris files his motion requesting that this court grant him a resentencing hearing and modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Petitioner's motion also requests consideration based on *U.S. v. Booker*, 125 S.Ct. 738 (2005), *Kimbrough v. U.S.*, 128 S.Ct. 558 (2007), and the factors at 18 U.S.C. § 3553(a). The Government filed a Response (Doc. #70) on July 31, 2008[1] and Petitioner filed a Reply on August 22, 2008. For the reasons stated herein, the court concludes that Petitioner's motion is due to be granted in part and denied in part.

---

[1]The court is completely puzzled by the Government's Response. For example, Petitioner correctly notes, he was not arrested nor convicted of any sex crime.

**I.     Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. *See* United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (the "2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines). In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007. The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement"). Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new. All of this

was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.     Analysis**

With that background, the court now turns to the current motion (Doc. #68) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 240-month sentence imposed upon him on March 30, 2005. On October 21, 2004, Petitioner pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base, one count of possession with intent to distribute five grams or more of cocaine base, one count of conspiracy to commit money laundering, and nine counts of money laundering. 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i). The Government filed a motion to depart based upon Defendant's substantial assistance and that motion was granted. After departing, the court found the appropriate offense level was 33, which when combined with a criminal history category of VI, produced a guideline range of imprisonment of 235-293 months. The court then sentenced Defendant to a 240-month term of imprisonment.

The following chart sets forth the application of the Crack Amendment and the Amended Policy Statement to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 37 | 35 |
| **Criminal History Category** | VI | VI |
| **Imprisonment Range** | Life (360-Life w/o 851) | 292 to 365 months |

3

**III.    Decision**

Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is due to be granted. Based on a two level reduction in base offense level, a comparable reduction from the previous offense level, criminal history category, and guideline range would produce an offense level of 31, a criminal history category of VI, and a guideline range of imprisonment of 188-235 months. The court finds that a reduced sentence of 192 months (16 years) is a reasonable sentence in this case.

The court has considered Petitioner's motion requesting further consideration based on *U.S. v. Booker*, 125 S.Ct. 738 (2005), *Kimbrough v. U.S.*, 128 S.Ct. 558 (2007), and the factors at 18 U.S.C. § 3553(a) and concludes that portion of the motion is due to be denied. Additionally, Petitioner's request for a resentencing hearing is also due to be denied. A separate order will be entered in accordance with the court's decision.

**IV.    Notice of Appeal Rights**

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed. *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the

last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion.  The

Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

    **DONE** and **ORDERED** this _____20th_____ day of February, 2009.

                                                                **R. DAVID PROCTOR**
                                                                 UNITED STATES DISTRICT JUDGE