FILED
2009 Mar-30  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:04-CR-322-RDP-TMP** |
| | ) | |
| **JEREMY LAMAR HARRIS** | ) | |

## MEMORANDUM OPINION GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION AND VACATING THE COURT'S PREVIOUS ORDER REDUCING DEFENDANT'S SENTENCE

On February 20, 2009, this court issued orders (Docs. #74, 75) granting Defendant's petition for a reduction in sentence (Doc. #62) pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. On February 26, 2009, the Government filed its motion for reconsideration (Doc. #76) arguing that Defendant was not entitled to any relief under § 3582(c)(2).  The Government based its position on the Eleventh Circuit's opinion in *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008).[1]  For the reasons which follow, this court concludes that the Government's motion to reconsider should be granted and that this court's orders reducing Defendant's sentence based on application of the Crack Amendment should be vacated.

The circumstances of Defendant's original sentence fall squarely within the parameters of the *Williams* decision. The sentence in Count One was mandatory life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.[2]  Defendant's total offense level was determined to be 37 and his

---

[1] *Williams* held that a defendant whose original guideline range was determined by application of the statutory mandatory minimum sentence rather than by application of the guideline found in U.S.S.G. § 2D1.1 is not entitled to relief under Amendment 706, commonly known as the Crack Amendment, even when the sentencing court departs from the statutory minimum.

[2] The sentence in Count Two was controlled by the mandatory minimum found in 21 U.S.C. §§ 841(b)(1)(B) and 851, not less than 10 years and not more than life.

criminal history category was VI.[3]  Although the guideline range was 360 months to Life, it became

Life with Application U.S.S.G. § 5G1.1 because the statutory minimum was higher than the

guideline range.  This court granted the motion to depart based on Defendant's substantial assistance[4]

and sentenced Defendant to 240 months as to each count to be served concurrently.

For the reasons stated, the court finds that the Government's motion to reconsider should be

granted and that this court's orders reducing Defendant's sentence are due to be vacated.

Defendant's sentence as originally pronounced on March 30, 2005, remains in full force and effect.

A separate order shall be entered.

**DONE** and **ORDERED** this _____30th_____ day of March, 2009.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3]The court found that Defendant was a Career Offender under the Sentencing Guidelines, § 4B1.1.  However, because his offense level was higher with application of U.S.S.G. § 2D1.1 than with application of § 4B1.1, the higher offense level controlled, *i.e.* the one computed according to § 2D1.1.  Arguably, based on recent Eleventh Circuit opinions, Defendant's petition also fails based on the application of the career offender guideline. *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008).  Since, however, the court agrees that Defendant's petition must fail because of application of the statutory minimum, the court will not decide this issue pertaining to the career offender finding.

[4]Pursuant to § 5K1.1 and § 3553(e), the court departed to offense level 33 and sentenced Defendant within that range without consideration of the statutory mandatory minimum.